## Stofflet, Appellant, *v.* Stofflet.

*Contract—Agreement not to engage in same trade.*

Plaintiff and defendant entered into a contract in writing under seal. Plaintiff, who owned a photograph gallery, and had been engaged in the business of photography for several years, agreed to stock and furnish the gallery with all necessary appliances for the proper operation thereof and to teach defendant, free of charge, the art of photography until he became sufficiently versed in the business to conduct it himself. Both parties were to share in the profits of the joint business which was to continue until July 1, 1890. If, for satisfactory reasons, defendant wished to withdraw from the partnership arrangement on April 1, 1890, he should have the privilege of doing so. The agreement then concluded thus : " Also under the same consideration said Thomas J. Stofflet wishing to take charge of the aforesaid gallery April 1 next himself, he shall be privileged to do so and the said Frank Stofflet shall peacefully withdraw to the above agreement well considered not to open oposision gallery in Bangor." *Held*, that the agreement, although expressed in ungrammatical language and ill-chosen words, sufficiently indicated the intention of the parties to be that after the contract relation ceased, as provided in the agreement, either by the act of one of the parties or by the expiration of the time limited, defendant would not commence and carry on the business of photography in the borough of Bangor in opposition to plaintiff, his instructor.

Argued March 8, 1894.   Appeal, No. 250, Jan. T., 1894, by plaintiff, Thomas J. Stofflet, from decree of C. P. Northampton Co., April T., 1893, No. 1, dismissing bill in equity.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill to restrain defendant from engaging in trade.

The case was referred to N. D. Chase, Esq., as master, who reported the facts as follows :

" On July 15, 1889, plaintiff entered into an agreement with Frank Stofflet, the defendant, to instruct Frank in the trade or business of photography and to form a partnership with him in the business at Bangor for a limited period.   This agreement was in writing, signed by each of the parties, and is as follows, viz. :

" ' BANGOR Pa., July 15th 1889.

" ' It is agreed that I Thomas J. Stofflet agree to furnish my Star Photo Gallery at Bangor Pa. with nessary lenses cameras posing asseries furniture &c known as photo or ferotype aparatus, agree to learn Bro Frank so he can run said gallery sadisfactory and as soon as Frank is cabable he is to take charge of said gallery and run the same alone or at his expences fire fuel and water rent shall be considered expences and each is to pay equal parts therefore also all photo or ferotype stock such as plates chamicles cards matts holders &c which shall be paid in equil parts each to pay one-half, each to be a half owner of said stock in consideration of the service so faithfully and truly performed as photographer and ferotypher by Frank Stofflet and the use of gallery aparatus &c so provided by the said T. J. Stofflet in consideration of the same the profits shall be equally divided the said Frank Stofflet to serve for one year under this consideration wich shall end July the 1 1890 if for sadisfactory reasons however the said Frank Stofflet shall be privileged to quit first of April 1890 also under the same consideration the said Thos. J. Stofflet wishing to take charge of the afore said gallery the first of April next himself he shall be privileged to do so and the said Frank Stofflet shall peacefully withdraw to the above agreement well considered not to open oposision gallery in Bangor.   We set our hand and seal this fifteenth day of July, 1889.

" ' THOMAS J. STOFFLET, [SEAL.]
" ' FRANK STOFFLET, '        [SEAL.]

" This agreement was written in an account book used by Thomas J. Stofflet to keep accounts of work done for his patrons, and continued in use for that purpose after Frank Stofflet entered the business.

" It was written by Thomas J. Stofflet in the presence of his brother Frank and signed by both, and, for about three months, remained in the photograph gallery in the joint possession of the plaintiff and defendant in use as an account book. After that it was in the exclusive control and possession of the defendant, Frank Stofflet, until about January 1, 1890.

" The only disputed fact about this agreement is that the defendant denies that the words ' Well considered not to open oposision gallery in Bangor.' ' We set our hand and seal this fifteenth day of July, 1889,' and the seals were in the agreement when he signed it. . . .

" The defendant does not anywhere swear positively that the words in dispute were not in the agreement when it was signed by him. The plaintiff testifies on this point that ' no changes had been made to the agreement since it was signed.' . . .

" The appearance of the writing itself shows nothing that would indicate any alterations or interlineations or additions, and the whole agreement appears to have been written at the same time, with the same pen and ink as the signatures and seals. The master, therefore, cannot sustain the denial of the defendant, and finds as a fact that the disputed words were in the agreement when the defendant signed it.

" In pursuance of this agreement Frank Stofflet entered the photograph gallery of Thomas J. Stofflet and was instructed by the plaintiff in the business of photography until he was, in the opinion of his instructor, sufficiently proficient in the business to conduct it alone, receiving during this apprenticeship one half the profits of the business.

" After about three months, Thomas J. Stofflet went to Muncy, Pa., leaving Frank Stofflet in entire charge of the Bangor photograph gallery and business.

" About Jan. 1, 1890, or ' just after the holidays,' as the testimony is, Thomas J. Stofflet returned to Bangor, and soon after that Frank Stofflet, by a mutual and amicable arrangement, retired from the Bangor business, taking one half of the stock and subsequently receiving one half the amount of accounts due the firm as they were paid in by various parties.

" Some time in the early spring of 1890, Frank Stofflet opened a photograph gallery in Stroudsburg, Pa., and from there went to several other towns, and finally opened his gallery in Bangor some time in the early part of the year 1892, in opposition to Thomas J. Stofflet, and has continued the business there up to the present time."

The master, citing 10 A. & E. Ency. L. 943, 944; Bisph. Eq. § 228; 2 High. Inj. § 1167; Hall's Ap., 60 Pa. 458; McClurg's Ap., 58 Pa. 53; Smith's Ap., 113 Pa. 579; Allison & Evans's Ap., 77 Pa. 227; Moore v. Colt, 127 Pa. 290; Brewing Co. v. McCann, 118 Pa. 314, reported in favor of plaintiff.

The court, in an opinion by Schuyler, P. J., sustained exceptions to the master's report on the ground that the contract was too uncertain to invoke the aid of a court of equity, citing Harkinson's Ap., 78 Pa. 204; Hall's Ap., 60 Pa. 463. A decree was entered dismissing the bill.

*Error assigned* was the dismissal of the bill.

*G. W. Mackey*, *H. A. Mackey* with him, for appellant, cited : Paxson's Ap., 106 Pa. 429; Erwin's Ap., 20 W. N. 278; Nav. Co. v. Moore, 2 Whart. 491; Smith's Ap., 113 Pa. 579; Allison & Evans's Ap., 77 Pa. 221; Masson's Ap., 70 Pa. 26; Moore v. Colt, 127 Pa. 290; Brewing Co. v. McCann, 118 Pa. 314.

*A. C. LaBarre*, for appellee, cited : Smith v. Ankrim, 13 S. & R. 40; Ballou v. March, 133 Pa. 64; Hammer v. McEldowney, 46 Pa. 336; Kerr on Fraud, 441; Waterman on Spec. Perf. § 152; R. R. v. Babcock, 3 Cush. 230; 2 Pomeroy's Eq. § 860; Manser v. Back, 31 Ch. R. 447; Wistar's Ap., 80 Pa. 484; Bispham's Equity, § 228; Keeler v. Taylor, 53 Pa. 469; Hall's Ap., 60 Pa. 463; Harkinson's Ap., 78 Pa. 204; Weaver v. Shenk, 154 Pa. 206; Atwood v. Cobb, 26 Am. Dec. 661.

Opinion by Mr. Chief Justice Sterrett, March 26, 1894:

There is no controversy as to the general facts of this case. They are fully presented in the report of the learned master, and need not be repeated. The controlling question is as to the proper construction of the agreement executed by the parties

on July 15, 1889.  It was construed by the master as containing, in the concluding clause thereof, a covenant on the part of the defendant not to open an opposition gallery in the borough of Bangor.  He also found that defendant had broken said covenant, and that by reason thereof plaintiff had sustained damages to the amount of one hundred and twenty-five dollars. He therefore recommended a decree restraining defendant from engaging in or carrying on the business of photography in said borough, and ordering him to pay plaintiff the damages aforesaid and costs.

In disposing of the three exceptions to the master's report, the learned president of the common pleas came to a different conclusion, and substantially held that the phraseology of the contract is of doubtful meaning, and the alleged covenant is too uncertain in its provisions to justify the issuance of an injunction, etc.  In his opinion he says: "If we were under a compulsion to have an opinion on the subject, as the master seems to have felt himself to be, we would probably reach the same conclusion reached by him; but we recognize no such compulsion, and, even if we did, the fact would still remain that the meaning of the language used is doubtful.  This is fatal under all the authorities.  The bill must therefore be dismissed."  He accordingly sustained the exceptions to the master's report and dismissed the bill with costs.  Hence this appeal.

It is not our purpose, nor is it at all necessary, to consider at length the several provisions of the agreement.  It is inartificially drawn, evidently not by a professional hand.  In arrangement, grammar, orthography, etc., it is certainly not up to the highest standard of excellence ; but, notwithstanding all that, we think the intention of the parties thereto can be fairly and accurately gathered from the language employed by them.  The agreement was executed July 15, 1889.  On the terms therein stated, the plaintiff, who owned the gallery and had been engaged in the business of photography for several years, agreed to stock and furnish the same with all necessary appliances for the proper operation thereof, and to teach defendant, free of charge, the art or trade of photography until he became sufficiently versed in the business to conduct it himself.  Both parties were to share in the profits of the joint

business which was to continue until July 1, 1890. If, for satisfactory reasons, defendant wished to withdraw from the partnership arrangement on the 1st of April, 1890, he should have the privilege of doing so. The agreement then concludes thus: " Also under the same consideration said Thomas J. Stofflet wishing to take charge of the aforesaid gallery the first of April next himself, he shall be privileged to do so and the said Frank Stofflet shall peacefully withdraw to the above agreement well considered not to open oposision gallery in Bangor. We set our hands and seals this 15th day of July 1889.                    THOMAS J. STOFFLET,   [SEAL]
                            " FRANK STOFFLET."   [SEAL]

The clause immediately preceding the last sentence above quoted provided for the withdrawal of the defendant, if for satisfactory reasons he wished to do so. Then follows the provision for plaintiff's resumption of the gallery on the first of April, 1890, in case he wished to do so, and the peaceable withdrawal of defendant from the contract relation created by the agreement. While the words, " well considered not to open oposision gallery in Bangor," with which the agreement concludes, are not as well chosen as they might have been, they are manifestly applicable to the defendant alone. In the light of the agreement, as a whole, they obviously mean that after the contract relation ceased, as provided in the agreement, either by the act of one of the parties or by expiration of time limited, the defendant would not commence and carry on the business of photography in the borough of Bangor in opposition to plaintiff, his instructor. The defendant recognizing the fact that the words above quoted referred to himself, and could not possibly refer to any one else, undertook to say that they were not in the agreement when it was executed. The master rightly decided that contention against him. It was unsupported by anything, save his own testimony, and very feebly by that.

Without further comment, we think the agreement in question was rightly construed by the master, and that neither of the exceptions to his report should have been sustained. It therefore follows that the decree dismissing the bill should be reversed, the exceptions to the master's report dismissed, and said report confirmed; all of which is accordingly done. And it is now adjudged and decreed that the defendant, Frank Stofflet,

be enjoined from conducting or maintaining a photograph gallery within the limits of the borough of Bangor; that he pay to the plaintiff, Thomas J. Stofflet, the sum of one hundred and twenty-five dollars, damages for breach of the contract set forth in the bill, and that he pay the costs, including the costs of this appeal.