STEWART GEORGE v. THE STATE.

No. 3140.   Decided February 1, 1905.

Aggravated Assault—Right of Property—Force.

See opinion for evidence which showed that defendant was in possession of the property of which the prosecutor attempted to dispossess him at the time of the alleged assault, and had a right under the law to use whatever force was necessary to protect the same, and that he used no more force than was neces-sary to do so.

Appeal from the County Court of Navarro.   Tried below before Hon. A. B. Graham.

Appeal from the conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*H. L. Stone,* for appellant.—Lilly v. State, 20 Texas Crim. App., 1; Souther v. State, 18 Texas Crim. App., 352; Rainbolt v. State, 34 Texas, 287; Circle v. State, 22 S. W. Rep., 603; Vann v. State, 64 S. W. Rep., 243; Jim Johnson v. State, 19 Texas Crim. App., 545.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for an aggravated assault, the penalty fixed at a fine of $25.   The facts show substantially that F. J. Evans and Sallie A. Evans as man and wife accumulated a home in Corsicana, which was furnished with the usual household and kitchen furniture.   In the latter part of the year 1902, they separated—Mrs. Evans retaining and occupying the home with its furnishing.   In Oc-tober, 1903, F. J. Evans secured a divorce from his wife, in Tarrant County; and prior to January, 1904, married again, and has since lived with his second wife, together with the four children by his first wife. In June, 1904, Mrs. Evans was taken sick in Corsicana at the home she was occupying; and her brother-in-law (Stewart George, defend-ant) came from Ellis County to nurse her; and after ten days had her removed to her father's in Ellis County, where she died a few days later.   The decree of divorce made no disposition of the property, but the wife retained possession by agreement with F. J. Evans.   When Mrs. Evans was moved to Ellis County, she directed her brother-in-law to lock up the house and take charge of the keys, which he did.   Dur-ing Mrs. Evans' last illness, while at her father's, she attempted to make a noncupative will, by which she gave her estate to her child, Mabel Evans, who was awarded to Mrs. Evans in the decree of di-vorce.   Defendant was made the executor and guardian of the child also.   On Tuesday, after the burial of Mrs. Evans on Sunday, both defendant and F. J. Evans appeared in Corsicana.   Defendant came

Vol. 47 Crim.—35.

to file application for probate of Mrs. Evans' will, and to be appointed receiver of the estate. Evans came to look after his own interest and the four children's interest in the property. Defendant and Evans met in the office of H. L. Stone, and discussed their rights. They were advised by Stone that only personal property would pass by a noncupative will. Defendant wanted to retain possession of the household and kitchen furniture until the court could pass on his application. Evans was unwilling to this, and stated that he intended to pack and ship the furniture to Fort Worth that day, unless prevented, and immediately left the office. Defendant, who had retained Stone to represent him, went to the court-house and filed his application for probate of the will. The county judge was not in the city, whereupon defendant was advised by his attorney to go to the house and take possession, and under no circumstances allow Evans to interfere with his possession of the household and kitchen furniture, and that he had better carry a shotgun with him. Defendant went to the house, took possession, and when Evans, together with his brother and daughter, came to the house and walked up to the side gate, defendant appeared on the back gallery, and told him not to come in, and at this time defendant had a shotgun in his hands. Evans remarked, "You won't shoot," and reached his hand out toward the latch, as if to open the gate; when defendant levelled the gun at him, and said, "Damn you, if you come in, I will kill you." Evans and brother and daughter left. Evans had previously told the transfer man he would want him to haul the furniture to the depot, unless stopped. Defendant was appointed receiver and took possession of the household and kitchen furniture. When Evans approached the house defendant did not ask him what he wanted, nor did Evans state what he came for. When defendant pointed the gun at Evans it was cocked.

The evidence above shows that appellant was in the possession of the house, and had a right under the law to use whatever force was necessary to protect the same. The evidence does not show that he used more force than was necessary to do so. Because, in our opinion, the evidence is not sufficient to support the verdict of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.