## Sklaroff et al. *v.* Sklaroff et al., Appellants.

*Contracts—Restraint of trade—Burden of proof—Reasonableness —Evidence—Equity—Findings of fact.*

1. An agreement in restraint of trade, which is limited in either space or time, is prima facie good.

2. Whether or not such an agreement is unreasonable is a question of fact, and ordinarily the burden of proof thereof is upon him who alleges it.

3. The courts cannot decide, as a matter of law, that an agreement in restraint of trade is unreasonable, where it is limited to the State of Pennsylvania and New Jersey, and those to be protected are engaged in a wholesale business in interstate commerce in the markets of the United States, Canada and Europe.

4. Where there is evidence sustaining the facts found by the trial judge, and they are approved by the court below, this court will not reverse those findings unless clear and plain error has been shown.

Argued Jan. 9, 1919. Appeal, No. 28, Jan. T., 1919, by defendants, from decree of C. P. No. 2, Philadelphia Co., Sept. T., 1917, No. 5355, on bill in equity in case of Israel Sklaroff et al., trading as S. Sklaroff & Sons v. Harry Sklaroff et al., trading as Pennsylvania Smoked Fish Company, H. Sklaroff and Son, Samuel H. Sklaroff, S. H. Sklaroff & Co. and Harry Sklaroff & Son. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before WESSEL, J.

The court entered a decree substantially as prayed for. Defendant appealed.

*Error assigned* was decree enjoining defendants from conducting the business of smoking and curing fish in the States of Pennsylvania and New Jersey, either in their own name or any other name.

*Joseph Gilfillan,* of *Graham & Gilfillan,* with him *Alex. J. Brian,* for appellants.—The contract was an illegal restraint of trade: Henschke v. Moore, 257 Pa. 196.

*David Bortin,* with him *Jacob Singer* and *Emanuel Furth,* for appellees, cited: Monongahela River Consolidated Coal & Coke Co. v. Jutte, 210 Pa. 288; Oregon Steam Nav. Co. v. Winsor, 87 U. S. 64; Smith's App., 113 Pa. 579; Richards v. Shipley, 257 Pa. 134; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173; Stone v. Stone, 64 Pa. Superior Ct. 392.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

Plaintiffs since 1892 have been carrying on, in the City of Philadelphia, the business of curing and smoking

fish, and disposing of the same at wholesale. Harry Sklaroff and Samuel Sklaroff, two of the defendants, were formerly in plaintiffs' employ, but in March, 1914, entered into similar business for themselves. Disputes and litigations arose between the parties, resulting in plaintiffs agreeing to purchase the business. The agreement alleged that the vendors were trading as Harry or H. Sklaroff & Son, and provided, inter alia, as follows:

"IV. Samuel Sklaroff and Harry Sklaroff, individually and trading under any of the names hereinbefore mentioned, as parties of the second part, are to discontinue their present business of curing and smoking fish, and are not to engage in said business in the States of Pennsylvania and New Jersey.

"V. It is further agreed that neither Samuel Sklaroff nor Harry Sklaroff will hereafter engage in any business pertaining to fish or delicatessen under the firm name of 'Harry Sklaroff & Son' or 'Sons' or 'H. Sklaroff & Son' or 'Sons.'"

When the consideration money was ascertained and paid in the manner provided by the agreement, a bill of sale was executed and delivered which specified, inter alia, as follows: "We Harry Sklaroff and Samuel Sklaroff, individually and trading as Harry or H. Sklaroff & Son, further agree not to engage in the business of curing and smoking fish directly or indirectly in the States of Pennsylvania and New Jersey."

The present bill in equity avers these defendants are violating the covenants above set forth, and are engaging in the same kind of business through the agency of Harry Granoff and Morris Beloff (or Belofsky), the other defendants, under the name of the Pennsylvania Smoked Fish Company, H. Sklaroff & Son, Samuel H. Sklaroff, S. H. Sklaroff & Co., and Harry Sklaroff & Son.

In their answer the two Sklaroffs denied that they were violating their covenants, asserting that the purchase of their business was in pursuance of a scheme of

plaintiffs to establish an illegal and vicious monopoly; and averred "that the restraint of trade sought to be effected is unreasonable." In what sense it was thought to be unreasonable is not stated, nor was any evidence produced at the trial to show that it was unreasonable. The answer of the other defendants averred ignorance of the restrictive agreements, and denied that they were agents of their codefendants or that the latter had any interest in the new business. The court below entered a decree substantially as prayed for in the bill, and therefrom the defendants jointly prosecute this appeal, raising two questions: (1st) Is the agreement an unreasonable restraint of trade? (2d) Does the evidence justify the decree?

The agreement being limited in space, though unlimited in time, is prima facie good, and there is nothing in this case to enable us to review the decision below holding it to be so. Instances may arise in which, without evidence being produced, a court can determine that such an agreement would be unreasonable; as, for instance, in the case of a like restraint on the sale of a small retail grocery business. But where, as in this case, the business is a wholesale business, and all the defendants expressly admit "complainants are engaged in interstate commerce, and are known, as stated in the bill, in the fish markets of the United States, Canada and Europe," in the absence of proof showing the restraint to be unreasonable, and there is none, we would not be justified in holding it to be so.

Upon the question as to whether or not there was sufficient evidence to support the decree, we need only say that a careful reading of all of it, does not disclose to us any error. From a very careful review thereof, the trial judge concluded that the story of Granoff and Belofsky as to the money they had invested in the new business "was fabricated," that "the money was Harry Sklaroff's," and that "there has been clearly established an intention on the part of defendants to evade the con-

ditions of the contract between plaintiffs and defendants, Sklaroffs; that the Pennsylvania Smoked Fish Company is, in reality, the business of Harry and Samuel H. Sklaroff; that Granoff and Belofsky are merely their agents, and that the plan was conceived for the purpose of avoiding the contract of March 18, 1916." From those findings the decree below was inevitable. True, the trial judge might have found otherwise, but clear and plain error has not been shown, and hence as he saw the witnesses,—an exceedingly important matter in this class of cases,—and there is evidence to sustain his findings, which were approved by the court below, we also must approve them: Hancock v. Melloy, 187 Pa. 371; Byers v. Byers, 208 Pa. 23.

The decree of the court below is affirmed, and the appeal dismissed, at the cost of appellants.