Complainants seek to restrain defendant Wilson from engaging in a competitive business contrary to the terms of the following covenant:
"The party of the first part [defendant Wilson] hereby agrees that he will not engage in the same line of business either directly or indirectly for a radius of twenty city squares of the premises in question, *Page 570 
so long as the parties of the second part are conducting their business on these premises."
No substantial doubt can be said to exist touching the material facts. In May, 1928, defendant Wilson owned and operated two stores for the sale of groceries, meat and provisions, both stores being on the same street and distant about eight blocks, one at 4603 Westfield avenue and the other at the corner of Thirty-eighth street and Westfield avenue; both stores being conducted under the trade name of "Joe's Meat Market." At that time complainants entered upon negotiations to purchase the stock and good will of the store at number 4603, but learning that the other store was being conducted by defendant they discontinued the negotiations. Subsequently complainants learning that defendants had discontinued business in the other store and disposed of the fixtures and moved the stock of merchandise to the store at No. 4603, renewed negotiations for the purchase of that business and on September 15th, 1928, entered into an agreement for that purpose and thereafter paid the purchase price and received a bill of sale for the fixtures, merchandise and good will of the business from defendant Wilson. Both the agreement and bill of sale contained the clause above quoted. The purchase price of the fixtures and stock in trade was determined by appraisement and was $822; the price paid for the good will of the business was $2,375. There cannot be the slightest doubt that complainants purchased the business in the belief, fully justified, that defendant had permanently discontinued business in the nearby store and in the belief and with the purpose that the restrictive clause in the agreement and bill of sale should insure them against a competing business again being conducted by defendant Wilson in that store or any other store within the territory theretofore served by defendant Wilson; nor can there be any reasonable doubt that defendant Wilson at that time entertained the same purpose.
Subsequently defendant Dunajek leased the store which had been vacated by defendant Wilson and therein engaged in precisely the same business as that of complainants; and employed *Page 571 
the services of defendant Wilson therein. In circulars announcing the opening of that store the following appeared: "Opening of Joe's Meat Market." "Same quality with `Joe' as manager." "Fred Dunajek, Owner." Nor is it to be doubted that some of defendant Wilson's — "Joe's" — old customers resumed their patronage at that store with a consequent loss of complainants' trade.
Restraint is resisted on the ground that the covenant now sought to be enforced is indefinite and uncertain in that "twenty city squares" is an uncertain distance. It might be difficult and perhaps impossible to determine with entire certainty whether a store on Westfield avenue approximately twenty blocks away from complainants' store was within the distance popularly but unscientifically named; but there can be no doubt or uncertainty as to whether defendants' store — eight blocks away — is within the distance thus specified, or as to whether that store is within the spirit and intent of that covenant. Since it was this very store, eight blocks away, which occasioned this covenant, it is impossible to say now that any uncertainty as to what may constitute "twenty city squares" should deny the enforcement of this covenant in accordance with its purpose, spirit and obvious intent. The element of uncertainty which denies enforcement is uncertainty which has some substantial relation to the relief sought.
It is urged that three decisions heretofore filed in this court are contrary to the views here expressed. I am unable to adopt that view. The cases referred to are Messinger v. Franzblau
(N.J. Ch.), 118 Atl. Rep. 260; Tsangas v. Broogos, 95 N.J. Eq. 499; Weliky v. Zakrzewski, 96 N.J. Eq. 203. In the case first above cited the word "area" has a controlling influence on the conclusion reached because it disclosed that the parties did not intend ten blocks along Bloomfield avenue because that would have permitted a store around the corner on a side street, and defendants' store was not within the "area" named. The two subsequent cases were based upon the former; but in neither of the three cases cited was there present the important element here existing that the covenant was in fact occasioned by the former business conducted *Page 572 
in the very store now reopened and thus clearly and with certainty within the intent of the parties to the covenant.
Defendant Wilson "directly or indirectly" is engaging in the same line of business as that of complainants, and at a place contemplated by his covenant; conscience and fair dealing demand restraint.
 *Page 1