## Kunin *v.* Weller et ux., Appellants.

Argued February 12, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ.

*Joseph M. Smith,* for appellants.—The covenant is one in partial restraint of trade and a covenant of that

character has always been strictly construed and no injunction will be granted unless plaintiff makes out a case clear of doubt: Harkinson's App., 78 Pa. 196; Silverman v. Edelstein, 64 Pitts. L. J. 822; State v. City, 41 La. Ann. 172.

*David S. Malis,* for appellee.—Where the contract is in partial restraint of trade, the intention of the parties governs, and will be enforced: Eckart v. Gerlach, 12 Phila. 530; Smith's App., 113 Pa. 579.

Technical words will not be construed in their scientific meaning, if to do so would violate the plain intent of the parties: Swentzell's Est., 294 Pa. 261.

OPINION BY MR. JUSTICE WALLING, March 18, 1929:

In June, 1926, the defendants, Hyman Weller and wife, sold their grocery and delicatessen store at Somerset and Twenty-Seventh Streets, Philadelphia, to the plaintiff, Hyman Kunin. The sale included the good will of the business and the written contract relating thereto stipulates, inter alia: "In consideration of the conditions and provisions herein the said sellers shall not be engaged nor interested in any way whatsoever, directly or indirectly in any business similar to the one they are now selling to the said purchaser within a period of five years from date of settlement and within a radius of five city blocks from the above mentioned premises." Defendants thereafter gave plaintiff a bill of sale which contained the further stipulation, viz.: "It is hereby understood and agreed that the said Hyman Weller and Mary W., his wife, are not to reopen, reëstablish or in any manner become interested, either as owners or employees in any business like or similar to the business hereby sold within a radius of five squares north, south, east or west of the premises herein mentioned for a period of five years from the date hereof."

In the spring of 1928 the defendants purchased a similar store and engaged in a like business at the corner of

Twenty-Fifth Street and Allegheny Avenue. As the streets are located in that section, this is four city blocks north and two city blocks east of their former location. On the contention that this violated the restrictions above quoted, plaintiff filed his bill for an injunction. Defendants answered responsively and the chancellor, who heard the case, found the new store violated the covenants and recommended the granting of an injunction to restrain its operation. The court in banc dismissed the exceptions filed thereto and entered a final decree accordingly; from which defendants brought this appeal.

A restriction, limited as is this to both time and space, is valid, and will be enforced in equity (Sklaroff v. Sklaroff, 263 Pa. 421; Stofflet v. Stofflet, 160 Pa. 529; Smith's App., 113 Pa. 579) ; but, being in restraint of trade, cannot be extended beyond its plain terms. Nevertheless, upon a careful study, we have reached the conclusion that the decree was rightly entered. While the words "the radius" usually signify the distance from the center to the circumference of a sphere or circle, yet, as here employed in the original contract, they should be construed as "the distance," so the restriction would embrace a distance of five blocks from the old store. This distance should be computed by the nearest traveled way and not by air line. Judge SHAFER so held in Silverman v. Edelstein, 64 Pitts. L. J. 822. In Vidalat v. City of New Orleans (La.), 10 Southern 175, it is held that a radius of six squares from the public market house must be computed by walking the nearest way. See also Leigh v. Hind, 9 Barn. & Cress. 774, 109 Eng. Reprint 288. So computed, the new store is six blocks from the old and the defendants not in default; but the trouble with their position, as we see it, is the covenant in the bill of sale not to engage in the business "within a radius of five squares [the same as blocks] north, south, east or west." Treating this as an additional covenant, or as an explanation of that in the original contract, it shows appel-

lants' understanding to be five blocks in either direction, including five blocks to the north, whereas, the new store is but four. As the blocks north and south are longer than those east and west, it cannot be said, as under the original contract it might, that by the raidus of five blocks, short blocks were intended, the covenant saying five blocks to the north, which are long blocks. It does not say merely five blocks away, but five to the north and the same in each other direction. It is manifest that four blocks to the north and two to the east are not five blocks to the north. Since the parties have taken pains to specify five blocks in each direction, we cannot hold the covenant satisfied by four blocks in one direction and two in another; if we could, then three blocks to the north and two to the east would satisfy it.

Assuming that the raidus must be treated as the distance from the center to the circumference of a circle, appellants are not helped, for then the circle must be drawn five blocks to the north as they are on the ground, which includes the new store.

The decree is affirmed and the appeal is dismissed at the cost of appellants.