## Johnson, Appellant, v. McIntyre.

Argued September 27, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John A. Berkey,* for appellant.—The interpretation of the words in the contract "within a radius of fifteen (15) miles" is to be construed most strongly against the grantor: Bale v. Fire Ins. Co., 159 Pa. 53; Van Horn v. Kemena, 281 Pa. 579; Hook v. Welch, 67 Pa. Superior Ct. 297; Keim v. Lochrie, 93 Pa. Superior Ct. 562; Von Bremen v. MacMounies, 93 N. E. 186.

The proper way to measure distances in such a case is in a straight line upon a horizontal plane: McClurg's App., 58 Pa. 51; Richards v. Shipley, 257 Pa. 134; Miller v. Keeler, 2 Northampton Co. R. 287; Duignan v. Walker, 7 Week. Rep. 562; Mouflet v. Cole, 21 Week. Rep. 175; Bett's App., 10 W. N. C. 431.

*Daryle R. Heckman,* with her *Clarence L. Shaver,* for appellee.—The policy of the law is to most strictly construe contracts restraining the practice of physicians because it is against public policy for a physician by his own contract to so limit and hamper his general usefulness to the public.

In construing the words of the contract, the distance should be construed to mean the distance computed by the nearest traveled way and not by air line: Kunin v. Weller, 296 Pa. 161; Silverman v. Edelstein, 64 Pitts. L. J. 822; State v. Lahiff, 80 So. 590; State v. Barthe, 6 So. 531; Jennings v. Menaugh, 118 Fed. 612.

Plaintiff was guilty of laches: Harris v. Susquehanna Collieries Co., 304 Pa. 550.

OPINION BY MR. JUSTICE LINN, November 28, 1932:

This appeal is from a decree dismissing a bill to restrain defendant from violating the terms of a contract by which he agreed not to "reëngage in the practice of medicine and surgery within the radius of fifteen miles from the Borough of Boswell for a period of fifteen years from and after the date of this agreement."

The important matter is the meaning of the words "within the radius of fifteen miles." The plaintiff contended that they meant what they said, but the court adopted the view presented by defendant, and held that the words meant a "distance to be computed by the nearest traveled way." No decisive element of fact is in dispute.

Both parties were duly licensed physicians, the defendant residing in the Borough of Boswell and practic-

ing his profession in and about that place prior to the contract in suit, and the plaintiff in some other place. On March 2, 1928, they agreed in writing that defendant would sell to plaintiff the dwelling house and lot in which defendant resided, his office equipment, surgical instruments and certain furniture; that he would "turn over" to plaintiff "his said practice and business and goodwill thereof"; that he would "also introduce and recommend" plaintiff to defendant's "patients, friends and others as his successor, and will use his best endeavors to promote and increase the prosperity of said practice and business." Defendant also agreed not to practice, as has been said, "within a radius of fifteen miles from the Borough of Boswell for a period of fifteen years from" date. For that, the plaintiff agreed to pay $15,000, one-third cash, two-thirds by purchase-money mortgage, payable at the rate of $1,000 annually with interest at 4% per annum. The parties made settlement accordingly April 7, 1928. Plaintiff took possession and went on with his professional work. He made the mortgage installment payments as required.

On or about October 1, 1929, defendant opened an office for the practice of his profession at 643 Franklin Street, Johnstown, Pennsylvania, where as the court found "he has [since] continuously practiced medicine and surgery," that office being "within the radius of fifteen miles from Boswell." By direct line, the distance from the place in Boswell sold by defendant to plaintiff, at which defendant formerly practiced, is 12.2 miles. It is therefore clear that defendant is permanently engaged well within the circle in which he agreed that he would not practice, and from which he agreed to withdraw, and in which he agreed to assist plaintiff in establishing himself. As the facts are not disputed, it is unnecessary to refer to the numerous specific instances of his professional work stated in the record in the circle from which he cut himself off for the consideration paid and agreed to be paid to him by the plaintiff. It is not contended

that the agreement is unreasonable. See McClurg's App., 58 Pa. 51; Betts's App., 10 W. N. C. 431; Pittsburgh Stove & Range Co. v. Penna. Stove Co., 208 Pa. 37, 57 A. 77; Sklaroff v. Sklaroff, 263 Pa. 421, 106 A. 793; Stofflet v. Stofflet, 160 Pa. 529, 28 A. 857; Smith's App., 113 Pa. 579, 6 A. 251; Richards v. Shipley, 257 Pa. 134, 101 A. 456.

We cannot assent to the construction of the contract made by the court below. The meaning of the words used to define the territory from which defendant agreed to withdraw is plain, unambiguous and definitive, easily given practical effect. The distance "by the nearest traveled public way or road" from the Boswell Borough line to defendant's office in Johnstown is 15.4 miles. If the defendant, as his argument implies, intended to describe a district irregular in shape and extent, as dependent on accessibility by public roads, he should have said so. Such a boundary would necessarily have elements of uncertainty, as there might be dispute about which of several was the nearest traveled public way. These parties expressed themselves clearly in words of plain and simple meaning; that sense is not varied by the context. It is not suggested that there is any mistake about what they intended to say. The court has no power to substitute for "a radius of fifteen miles" the words "fifteen miles by the nearest traveled public way or road" because the context and the circumstances exclude such inference. See Betts's App., 10 W. N. C. 431; Cook v. Johnson, 47 Conn. 175, 36 American Reports 64; George v. State, 84 S. W. 1057, 47 Tex. Cr. R. 545; Richards v. Shipley, supra. Appellee relies on Kunin v. Weller, 296 Pa. 161, 145 A. 719; but the meaning attributed in that case to the words "within a radius of five city blocks" was necessarily different from that ordinarily implied by the word radius as was indicated by the context and the circumstances to which the words related. The locality was a built-up section of the city with an established street lay-out requiring considera-

tion in defining the words used. The sale of a going business in the city, and the agreement not to engage in a similar business for five years within a radius of five squares north, south, east or west of the premises sold, excluded a part of the meaning ordinarily implied by the circumference of a circle; and this was specially noted in the opinion as follows: "While the words 'the radius' usually signify the distance from the center of the circumference of a sphere or circle, yet, as here employed in the original contract, they should be construed as 'the distance' so the restriction would embrace a distance of five blocks from the old store. This distance should be computed by the nearest traveled way and not by air line. Judge SHAFER so held in Silverman v. Edelstein, 64 Pitts. L. J. 822. In Vidalet v. City of New Orleans (La.), 10 So. 175, it is held that a radius of six squares from the public market house must be computed by walking the nearest way. See also Leigh v. Hind, 9 Barn. & Cress. 774, 109 Eng. Reprint 288."

We cannot accept the suggestion that plaintiff is barred by laches. It is said that plaintiff visited defendant in his office on October 7, 1929, and made no complaint about the violation of the agreement until October, 1930. But the plaintiff and two other witnesses testify that when plaintiff protested, defendant replied "Well I am just going to do pediatrics and won't interfere with you." He also testified that he complained subsequently and only brought suit when "I was forced to."

What was said by this court in McClurg's App., 58 Pa. 51, 55, is applicable: "We cannot by our decree restore to him [the plaintiff] the practice he has given up. The appellant [defendant] has returned and established himself within the prescribed limits in violation of his agreement. It was said that he did not mean to interfere with the appellant's practice; but how can he well avoid it if he is called upon by his old patients and others? It was with a view to this that the contract stipulated that he

should not establish himself in the practice of his profession within twelve (12) miles. This distance was doubtless named because it was considered sufficient to render the practice in the appellant's old circle secure to the appellee."

The decree is reversed, the bill reinstated, and record remitted with instructions to restrain defendant from further violation of his contract, costs to be paid by defendant.