6 N.J. Super. 595 (1950)
70 A.2d 894
SALVATORE SCUITIER, INDIVIDUALLY AND TRADING UNDER THE NAME AND STYLE OF S. & S. FRUIT CENTER, PLAINTIFF,
v.
PATRICK BARILE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 13, 1950.
Messrs. Lorentz & Stamler (Mr. Joseph H. Stamler) for the plaintiff.
Mr. Wilfred L. Dempsey for the defendant.
FREUND, J.S.C.
This is an application to restrain pendente lite the violation of a restrictive covenant in an agreement between the plaintiff and the defendant.
*596 The parties were partners in a grocery and vegetable business at No. 38 Chatham Road, in Short Hills, New Jersey. On November 2, 1949, the defendant sold his interest in the partnership to the plaintiff for a consideration of $6,500. The agreement of sale contained the following restrictive covenant:
"The retiring partner does hereby covenant and agree with the continuing partner that he, the retiring partner, will not engage in the grocery business or fruit and vegetable business, either as individual or as agent or representative employee, neither directly nor indirectly, carry on the grocery or fruit or vegetable business, within a radius of one half mile from the present location of the business conducted at 38 Chatham Road, Short Hills, New Jersey, for a period of five (5) years."
On December 12, 1949, the defendant obtained employment as manager of the fruit and vegetable department of the Village Market at No. 519 Millburn Avenue, Millburn, New Jersey. The case depends upon the construction of the phrase "within a radius of one half mile from the present location of the business." The plaintiff contends, and the defendant admits, that the distance between the two stores on a straight line is less than one-half mile. However, if, as the defendant contends, the distance is to be measured as traversed by vehicle along public highways, it is more than one-half mile; and there is no violation of the restrictive covenant.
The defendant relies on cases concerning restrictive covenants which contain the words "city blocks" in conjunction with "radius." In the earlier cases, the courts considered that a "city block" was an indefinite measurement; that "city blocks" vary in length; and they, therefore, held such covenants unenforceable. Messinger v. Franzblau, 118 A. 260 (Ch. 1922), not officially reported; Tsangas v. Broogos, 95 N.J. Eq. 499 (Ch. 1924); Weliky v. Zakrzewski, 96 N.J. Eq. 203 (Ch. 1924). Later, however, the courts held sufficiently definite to be valid and enforceable such covenants as the following: "For a radius of twenty city squares," Mazie v. Wilson, 103 N.J. Eq. 569 (Ch. 1928); "for a distance of ten blocks in all directions," Stein v. Kommit, 105 *597 N.J. Eq. 90 (Ch. 1929); "within a radius of sixty city blocks," Bloomfield Baking Co. v. Maluvius, 112 N.J. Eq. 109 (Ch. 1932); "within a radius of ten blocks," Sandullo v. LaBruna, 111 N.J. Eq. 4 (Ch. 1932).
The variant in this case is that the word "radius" is used in conjunction with a fixed and certain measurement, to wit, "one-half mile." The covenant, therefore, is free from the indefiniteness of the cases above referred to. The defendant suggests that since the buying public traverses established streets, the distance should be computed along traveled highways and not "cross-lots."
"Radius" standing alone is defined as a straight line extending from the center of a circle to its circumference. It would, therefore, seem that by definition a radius could not turn corners nor follow curves. If the area in a restrictive covenant is expressed by use of the word "radius," the proscribed distance should be measured along a direct line. If the parties intend otherwise, it should be clearly expressed.
Johnson v. McIntyre, 309 Pa. 191, 163 A. 290 (Sup. 1932), involved construction of a restrictive covenant, entered into between two physicians and intended to prohibit practice by the covenantor "within a radius of fifteen miles." The Court held that the distance should be measured in a direct line and not along traveled highways thus:
"The meaning of the words used to define the territory from which defendant agreed to withdraw is plain, unambiguous, and definitive, easily given practical effect. The distance `by the nearest traveled public way or road' * * * is 15.4 miles. If the defendant as his argument implies, intended to describe a district irregular in shape and extent, as dependent on accessibility by public roads, he should have said so. Such a boundary would necessarily have elements of uncertainty, as there might be a dispute about which of several was the nearest traveled public way. These parties expressed themselves clearly in words of plain and simple meaning; that sense is not varied by the context. * * * The court has not power to substitute for `a radius of fifteen miles' the words `fifteen miles by the nearest traveled public way or road' because the context and the circumstances exclude such inference."
I conclude that the defendant has violated his covenant. An interlocutory injunction will issue.