MARDER, ᴇᴛ ᴜx *v.* M. & C. C. OF BALTIMORE

[No. 117, September Term, 1963 (Adv.).]

*Decided July 12, 1963.*

Judgment reversed and case remanded for a new trial. Costs to be paid by appellee. The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*J. Calvin Carney* for appellants.

*Nelson B. Seidman, Assistant City Solicitor,* with whom were *Francis B. Burch, City Solicitor* and *Martin B. Greenfeld, Assistant City Solicitor,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

From a judgment for $32,000 entered on the inquisition of a jury in a condemnation case, the property owners bring this appeal.

The property in question is located at 516-518 West Baltimore Street, Baltimore City, and has been owned by the appellants since 1946. They have used and occupied part of the first floor for their tailoring and woolen business since 1951. It is subject to annual irredeemable ground rents of $120 and $144. The building is four stories in height, with partial cellar. The front is of brick construction with numerous glass block windows, which are frequently used in buildings of that type for lighting purposes. The property has a frontage of 36 feet 5 inches and a depth of 108 feet, to an alley which is used for delivery of materials and supplies to the occupants of the building. The building contains an electric elevator, and was rented without interruption until 1956, when it became known that the area in which it was located would be involved in an urban renewal project.

The City filed its petition for condemnation to acquire the property as part of the redevelopment project for the University of Maryland, and this specific location is to be used as part of the land for the new law school of the University.

Prior to the trial, both appellee and appellants filed interrogatories seeking evaluation data concerning the subject property. The City attached to its answers to the interrogatories reports of three appraisers, and the appellants attached to their answers the report of their appraiser, Melvin Greenwald. All four of the appraisers in their reports used the three standard methods of appraisal in arriving at their evaluation of the fair market value of the property sought to be condemned, namely, replacement costs and depreciation, income analysis, and market data analysis, although Greenwald's report was the most elaborate.

The trial was held in late March of 1963 and at the trial the City called to testify two of its appraisers as expert witnesses, who were conceded by appellants' counsel to be qualified experts. The testimony of these witnesses was that the

fair market value of the property, in their opinion, was, respectively, $24,720 and $31,500. The appellants presented as a witness Nathan Marder, one of the owners, who stated the property to be worth $64,600, basing his opinion on what others were asking and getting for similar properties in the same neighborhood, and on their appraiser's report. The only other witness was their appraiser, Melvin Greenwald, a real estate broker. After direct and cross examination, and questioning by the court as to Mr. Greenwald's qualification, an objection by the City was sustained to the proffer of Mr. Greenwald's opinion as to the fair market value of the subject property. He was allowed, however, to describe the property and to testify to sales and rentals in the vicinity to the extent of his knowledge of such transactions.

There are three contentions made on this appeal.

I. The lower court committed reversible error by refusing to permit the witness Greenwald to give his opinion of the fair market value of appellants' property.

II. It committed reversible error in instructing the jury: "You are not to consider any increase or decrease in the value of the property caused by the announcement that the property was to be condemned."

III. It was reversible error to exclude the witness Greenwald from the courtroom until called upon to testify.

*I*

Greenwald was not allowed to give his opinion as to the market value of appellants' property because the court below believed he was not qualified to give such an opinion. In reaching that conclusion we think that the court below committed prejudicial error. The testimony of Mr. Greenwald as to his qualifications brought out the facts that he was a real estate broker and appraiser, that he had been engaged in the real estate business three years, dividing his time approximately one-third each in buying and selling properties, management of property, and appraising, that he handled commercial and

industrial property, that he had been the rental agent for two downtown properties, that he was a member of the Brokers, Owners and Managers Association and the Real Estate Board of Greater Baltimore, that he made appraisals on property, that he represented First Federated Life Insurance Company and other companies on their appraisals, that he made appraisals for individual property owners, that he subscribed to monthly periodicals of real estate brokers, and that he was acquainted with the three basic methods of appraising properties referred to above. On the other hand, cross examination and questioning by the court brought out the facts that he had not qualified or testified in court before as an expert witness, and that he had taken no academic courses in appraisal. It was also brought out that he had limited experience in downtown property sales.

The rule that the determination of the competency of an expert witness as to whether or not he is qualified to testify is largely within the discretion of the court is too well fixed in the law of this State to require citations. This Court will not normally reverse the court below in its ruling on the competency of an expert witness unless the discretion has been abused. In *Casualty Ins. Co. v. Messenger*, 181 Md. 295, 298, 29 A. 2d 653, we said:

> "It is a familiar rule of evidence that a witness, in order to qualify as an expert, should have such special knowledge of the subject on which he is to testify that he can give the jury assistance in solving a problem for which their equipment of average knowledge is inadequate. It is sufficient if the court is satisfied that the expert has in some way gained such experience in the matter as would entitle his evidence to credit. *Wilson v. State*, 181 Md. 1, 26 A. 2d 770, 773. * * * A witness is qualified to testify as an expert when he exhibits such a degree of knowledge as to make it appear that his opinion is of some value, whether such knowledge has been gained from observation or experience, standard books, maps of recognized authority, or any other reliable sources."

In *Preske v. Carroll,* 178 Md. 543, 552, 16 A. 2d 291, we stated:

> "It is well established that any real estate dealer, or assessor, or any other person who has been engaged in business of such a character as to give him special knowledge of the subject, is competent to testify in reference to the value of land, if he has had an opportunity to form a correct opinion as to its value."

See also *Turner v. State Roads Commission,* 213 Md. 428, 432, 132 A. 2nd 455.

Under the exigencies of the instant case, when the court refused to allow Greenwald to give his opinion as an expert for the appellants, the posture of the case was that the jury had before it the opinions of two expert witnesses for the condemning authority, no opinion by the one expert proffered by the appellants, and only the testimony of Mr. Marder, who admittedly was not an expert, but gave his evaluation mainly on the report made to him by his appraiser. Marder was obviously not a disinterested witness, so that the property owners were left with practically no evidence supporting their side of the controversy. We think on the whole the record before us discloses that the trial judge should have exercised his discretion in determining the witness's qualifications so as to allow him to express an opinion as an expert in order that the jury might consider it. Such opinion could have been of some help to the jury in determining its award of compensation, giving the opinion such weight as in the judgment of the jury it felt it merited. Having reached this conclusion the judgment must be reversed and the case remanded for a new trial.

## II

Appellants' second contention is untenable. It is only necessary for us to state that we have held in many cases that evidence of value based upon the effect of the taking involved in a pending condemnation suit is inadmissible. See *Cong. School v. Roads Commission,* 218 Md. 236, 249-250, 146 A. 2d 558, and cases cited therein. Accordingly the court below correctly

stated the law in his instructions as to the effect of the condemnation notice on the value of the property.

### III

We also find no error in excluding the witness Greenwald from the courtroom until called upon to testify. Maryland Rule 546, which provides that the court may exclude on its own motion, or on motion by a party, witnesses until called upon to testify, only excepts those witnesses who shall render an opinion based on the testimony of other witnesses. Greenwald was not offered as a witness to express an opinion upon what other witnesses had testified to but only as to his own findings and examination.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by appellee.*