## ROTWEIN *v.* BOGART ET UX.

[No. 128, September Term, 1961.]

*Decided January 25, 1962.*

The cause was argued before HAMMOND, HORNEY, MARBURY and SYBERT, JJ., and DUCKETT, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Joseph Rotwein,* in proper person, with whom was *Robert B. Meyers* on the brief, for appellant.

*M. J. Cuff,* for appellees.

DUCKETT, J., by special assignment, delivered the opinion of the Court.

This case involves the purchase by the appellant of a house and lot from the appellees in Bethesda, Maryland. The house was constructed by the appellees (defendants below) and purchased by the appellant, a Washington, D. C., lawyer, in January, 1958, for forty-three thousand, five hundred dollars ($43,500). A contract of sale executed by the parties contained, among others, the following warranties:

> "Seller [warrants] that the workmanship and materials of the house and equipment are free of defects and in good working order.* * * "
> "It is agreed that prior to settlement seller will correct any condition of the land resulting in faulty drainage, particularly the condition which results in the accumulation of water in the rear of the property and the depositing of silt on adjoining property."

The appellant, claiming that the appellees had breached the

above provisions, filed suit against them for damages in the Circuit Court for Montgomery County. After a lengthy trial, the jury decided against the purchaser and in favor of the builder.

The appellant presents two points in requesting a new trial or a reversal of the judgment of the court below, viz.:

(1) Did the trial court commit reversible error in refusing to permit appellant's rebuttal witness to express an opinion as to what caused the floors to be squeaky and noisy?

(2) Did the trial court commit reversible error in withdrawing from the consideration of the jury the issue of whether the provision relating to the drainage condition had been breached by the appellees?

We shall first consider Point No. 1. The witness in question, Jack Pustilnik, called in rebuttal, was permitted to testify that he had been in the lumber business for twenty-two years; that he was vice-president, general manager and a stockholder in the Baltimore Lumber Company where he was on duty daily from eight a.m. to five p.m. However, he testified that in addition to his above duties, he had for two years (about five or six years ago) been a partner in a floor laying business and that while working at the lumber company, he had, at the same time, supervised the laying of floors in approximately two hundred homes. He did not lay any of the floors himself. Acting upon this testimony, the court ruled that Mr. Pustilnik could qualify as an expert in the lumber business but not in the flooring trade. In his ruling, the court said: "I do not see how he can possibly testify as an expert on flooring if he has never laid a floor himself, and, of course, this is obviously a part-time operation because he has another fulltime job."

We find no prejudicial error in the court's ruling on this point.

The determination of whether a witness is competent to testify as an expert is primarily for the trial court and largely within its discretion. See cases collected in 10 M.L.E., *Evidence,* § 281, p. 298. However, the lower court's ruling may be reversed if clearly erroneous or an abuse of judicial discretion. *Turner v. State Roads Commission,* 213 Md. 428,

433-4, 132 A. 2d 455; 2 *Jones on Evidence* (5th ed.), § 414; *McCormick on Evidence*, § 13, p. 28. Cf. 2 Wigmore, *Evidence* (3d ed.), § 561, and *Hunt v. Bradshaw,* 251 F. 2d 103 (C. A. 4th).

We do not agree entirely with the court's first reason, that the witness could not qualify as an expert in the flooring trade as he had never previously laid a floor. A witness may qualify if he possesses special and sufficient knowledge regardless of whether such knowledge was obtained from study, observation or experience. *Penn., etc., Casualty Ins. Co. v. Messenger,* 181 Md. 295, 29 A. 2d 653. A law professor may be an expert on trial procedure even though he has never tried a case. There are many expert astronauts who have yet to make a space flight.

An expert witness must be thoroughly qualified, *Park Land Corp. v. M. & C. C. of Balto.,* 128 Md. 611, 624, 98 Atl. 153, and the trial court may well have concluded that Mr. Pustilnik's part-time supervision was not sufficient. Moreover, his was rebuttal and cumulative testimony, and this Court will not reverse for an error below unless the error "was both manifestly wrong and substantially injurious." 2 *Poe on Pleading and Practice* (Tiffany's ed.), § 287, p. 249.

In addition, it is noted that the trial court permitted this witness to testify as to the difference between green and dry lumber, about his personal inspection of appellant's home and to explain in detail the type of lumber used in the joists and subflooring and the shrinkage thereof. Furthermore, he testified that the green subflooring had shrunk; that he saw the sap running out of the floor joists and out of the subflooring; that he had walked over the floors in each room and noticed a great deal of noise and squeaking in the floors. As the jury had this testimony, we do not believe that further testimony would have been of appreciable help, which is the true criterion herein. *Starr v. Oriole Cafeterias,* 182 Md. 214, 218, 34 A. 2d 335.

We now consider Point No. 2. Appellant contends that even though he proved no damages for the alleged drainage defect, he is nevertheless entitled to nominal damages, and that the court committed reversible error in withdrawing this

438

issue from the jury. In our opinion, the ruling of the trial court was correct.

It is, of course, the general rule that where the plaintiff proves a breach of contract he may recover nominal damages, where actual damages are not established. *Gilbert Const. Co. v. Gross,* 212 Md. 402, 412, 129 A. 2d 518; *Wlodarek v. Thrift,* 178 Md. 453, 461, 13 A. 2d 774; *Duplex Envelope Co. v. Balto. Post Co.,* 163 Md. 596, 606, 163 Atl. 688.

There are several reasons why the general rule is not applicable in this case. Primarily, it is apparent from the transcript that the issue was abandoned by the plaintiff during the trial. Furthermore, when the jury was instructed by the court that the point had been abandoned, the plaintiff, although given the opportunity, made no objection to the charge. The question, therefore, cannot be reviewed on appeal. Maryland Rule 554, d, e; *Rush v. Lloyd,* 221 Md. 7, 155 A. 2d 666; *Samson v. Brusowankin,* 218 Md. 458, 471, 147 A. 2d 430; *Hill v. Coleman,* 218 Md. 1, 144 A. 2d 694; *Goldman v. Johnson Motor Lines,* 192 Md. 24, 63 A. 2d 622; *Barone v. Winebrenner,* 189 Md. 142, 55 A. 2d 505.

*Judgment affirmed, with costs.*