# H. MELVIN RADMAN *v.* MARY F. HAROLD ET VIR

[No. 34, September Term, 1976.]

*Decided January 7, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*John H. Bolgiano,* with whom were *Smith, Somerville & Case* on the brief, for appellant.

*Richard B. Jacobs,* with whom was *Joseph F. Lentz, Jr.,* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

In this medical malpractice case, we must determine the propriety of the trial court's refusal to permit an expert

witness to express an opinion regarding the manner in which the defendant surgeon rendered his professional services. We conclude that, although the qualification of an expert witness ordinarily is a matter within the sound discretion of the trial court, because the judge here applied an erroneous legal standard in excluding the witness' testimony, the judgment was properly reversed by the Court of Special Appeals.

In the autumn of 1970, petitioner H. Melvin Radman, M.D., a gynecologist and surgeon, performed a total abdominal hysterectomy upon respondent Mary F. Harold at the Sinai Hospital in Baltimore. During the course of the operation, Dr. Radman unintentionally knicked the patient's bladder, and upon observing this condition, attempted to repair it. This procedure, however, was unsuccessful, and the following week, the petitioner again operated to repair the damaged area, but this endeavor also failed. It was not until April of 1971, when Mrs. Harold re-entered the hospital and underwent a third operation — this time by the petitioner together with Dr. Stephen Cohen, a urologist — that the problem was finally eliminated. Nearly three years after the hysterectomy, Mrs. Harold and her husband initiated this malpractice suit against Dr. Radman, alleging that during the operation he negligently punctured his patient's bladder. At trial in May of 1975, before Judge Anselm Sodaro and a jury in the Baltimore City Court, Mrs. Harold proffered Harold L. Hirsh, M.D., an internal medicine specialist, as an expert witness qualified to express an opinion as to the standard of care required of a surgeon in the performance of a hysterectomy. The trial court, however, ruled that Dr. Hirsh did not have the necessary qualifications to express such an opinion. Other than this witness' excluded testimony, the plaintiffs failed to produce any evidence tending to support their claim of Dr. Radman's negligence, and at the close of their case, the court directed a verdict for the defendant. When the Harolds' motion for a new trial was denied and a final judgment was entered, the plaintiffs noted an appeal to the Court of Special Appeals. That court, though recognizing that the qualification of an

expert witness rests largely in the discretion of the trial court, nonetheless concluded that in this case the failure of the court to permit Dr. Hirsh to render an opinion constituted an abuse of its discretion. Accordingly, it reversed the judgment and ordered a new trial. *Harold v. Radman,* 31 Md. App. 184, 355 A. 2d 477 (1976).

We begin our consideration of this case by examining the standards which we conclude should control the exercise of a trial court's discretion in its determination of whether a witness is qualified to express an expert opinion. Although this Court has never been faced with this issue in the context of a medical malpractice case,[1] our earlier decisions in other areas provide support for the view that a witness may be competent to express an expert opinion if he is reasonably familiar with the subject under investigation, regardless of whether this special knowledge is based upon professional training, observation, actual experience, or any combination of these factors. The classic formulation of this Court's views on the subject of the qualification of experts appears in *Casualty Ins. Co. v. Messenger,* 181 Md. 295, 298-99, 29 A. 2d 653, 655 (1943), wherein it is stated:

> It is a familiar rule of evidence that a witness, in order to qualify as an expert, should have such special knowledge of the subject on which he is to testify that he can give the jury assistance in solving a problem for which their equipment of average knowledge is inadequate. It is sufficient if the court is satisfied that the expert has in some way gained such experience in the matter as would entitle his evidence to credit. *Wilson v. State,* 181 Md. 1, 26 A. 2d 770, 773. It is not a ground for excluding the testimony of an expert that he bases

1. Within the past several years, we have considered several issues associated with expert testimony in medical malpractice cases, *see* Fleming v. Prince George's County, 277 Md. 655, 358 A. 2d 892 (1976) (use of medical textbooks for cross examination of expert witness); Shilkret v. Annapolis Emergency Hosp., 276 Md. 187, 349 A. 2d 245 (1975) (rejection of "strict locality rule" regarding standard of care); Raitt v. Johns Hopkins Hospital, 274 Md. 489, 336 A. 2d 90 (1975) (determination that expert medical witness need not reside in defendant's community), but not the one before us here.

his statements in whole or in part upon what he has read, provided that his reading can be assumed to constitute part of his general knowledge adequate to enable him to form a reasonable opinion of his own. A witness is qualified to testify as an expert when he exhibits such a degree of knowledge as to make it appear that his opinion is of some value, whether such knowledge has been gained from observation or experience, standard books, maps of recognized authority, or any other reliable sources. The knowledge of an expert in any science or art would be extremely limited if it extended no further than inferences from happenings within his own experience. His testimony is admitted because it is based on his special knowledge derived not only from his own experience, but also from the experiments and reasoning of others, communicated by personal association or through books or other sources.

*See Raitt v. Johns Hopkins Hospital,* 274 Md. 489, 500-01, 336 A. 2d 90, 96 (1975); *Scott v. Hampshire, Inc.,* 246 Md. 171, 176-77, 227 A. 2d 751, 754 (1967) (citing cases). *See generally* 2 *Jones on Evidence* § 14:12 (6th ed. S. Gard 1972); *McCormick on Evidence* § 13 (2d ed. E. Cleary 1972); 31 Am.Jur.2d *Expert and Opinion Evidence* § 27 (1967). Moreover, in two cases, we have specifically noted that the mere fact that a person offered as a witness has not been personally involved in the activity about which he is to testify does not, as such, destroy his competency as an expert. In *Air Lift, Ltd. v. Bd. of Co. Comm'rs,* 262 Md. 368, 402, 278 A. 2d 244, 261-62 (1971), we held that an experienced law enforcement officer who had never been personally involved in policing a rock festival or concert could nonetheless qualify as an expert witness and testify with respect to the security problems associated with such events. And in *Rotwein v. Bogart,* 227 Md. 434, 437, 177 A. 2d 258, 260 (1962), our predecessors made the following observation with respect to the trial court's determination in that case

that a person could not qualify as an expert unless he had engaged in the activity in question:

> We do not agree entirely with the court's first reason, that the witness could not qualify as an expert in the flooring trade as he had never previously laid a floor. A witness may qualify if he possesses special and sufficient knowledge regardless of whether such knowledge was obtained from study, observation or experience. *Penn., etc., Casualty Ins. Co. v. Messenger*, 181 Md. 295, 29 A. 2d 653. A law professor may be an expert on trial procedure even though he has never tried a case. There are many expert astronauts who have yet to make a space flight.

In light of the fact that we have never treated expert medical testimony any differently than other types of expert testimony, *see Crews v. Director*, 245 Md. 174, 179, 225 A. 2d 436, 439 (1967); *Ager v. Baltimore Transit Co.*, 213 Md. 414, 420, 132 A. 2d 469, 472 (1957); *cf. Shilkret v. Annapolis Emergency Hosp.*, 276 Md. 187, 190, 349 A. 2d 245, 247 (1975), we perceive no reason why a person who has acquired sufficient knowledge in an area should be disqualified as a medical expert *merely* because he is not a specialist or *merely* because he has never personally performed a particular procedure.[2] Consequently, we are in substantial

---

2. It is true, of course, that all expert witnesses must have sufficient knowledge "to express a well-informed opinion," Refrigerating Co. v. Kreiner, 109 Md. 361, 370, 71 A. 1066, 1070 (1909), or, to put it another way, they must possess "such skill, knowledge or experience in that field or calling as to make it appear that [the] opinion or inference will probably aid the trier [of fact] in his search for truth." Consol. Mech. Contractors v. Ball, 263 Md. 328, 338, 283 A. 2d 154, 159 (1971). *See also* State Health Dep't v. Walker, 238 Md. 512, 520-21, 209 A. 2d 555, 559-60 (1965). While expert capacity is generally "a matter wholly relative to the subject of the particular inquiry," Refrigerating Co. v. Kreiner, *supra*, 109 Md. at 370, 71 A. at 1070, we believe that within the field of medicine too, the degree of knowledge, skill, and experience required of a witness depends entirely on the area under investigation. Thus, while we have held that a person testifying in this State on a medical subject need not be licensed to practice in Maryland, Crews v. Director, 245 Md. 174, 179, 225 A. 2d 436, 439 (1967), and have noted that a doctor need not be a specialist to qualify as an expert on the cause of an illness, Wolfinger v. Frey, 223 Md. 184, 189-90, 162 A. 2d 745, 748 (1960) (dictum), we have also refused to allow those in the medical

agreement with the reasoning of the Supreme Court of Connecticut as expressed in the following succinct statement from the recent case of *Fitzmaurice v. Flynn,* 167 Conn. 609, 356 A. 2d 887, 892 (1975):

> Recognizing the complexity of knowledge required in the various medical specialties, more than a casual familiarity with the specialty of the defendant physician is required. The witness must demonstrate a knowledge acquired from experience or study of the standards of the specialty of the defendant physician sufficient to enable him to give an expert opinion as to the conformity of the defendant's conduct to those particular standards, and not to the standards of the witness' particular specialty if it differs from that of the defendant. It is the scope of the witness' knowledge and not the artificial classification by title that should govern the threshhold question of admissibility.

We note that the great majority of courts in other jurisdictions which have considered the issue also have concluded that while the witness must have sufficient familiarity with the particular medical technique involved in the suit, he need not have personally performed the procedure or be a specialist in the area. *See, e.g., Harris v. Smith,* 372 F. 2d 806, 813-14 (8th Cir. 1967) (presumably applying Nebraska law); *Arnold v. Loose,* 352 F. 2d 959, 962 (3d Cir. 1965) (applying Pennsylvania law); *Hunt v. Bradshaw,* 251 F. 2d 103, 107 (4th Cir. 1958) (applying North Carolina law); *Frost v. Mayo Clinic,* 304 F. Supp. 285, 288 (D. Minn. 1969); *Brown v. Colm,* 11 Cal. 3d 639, 646, 522 P. 2d 688, 692, 114 Cal. Rptr. 128, 132 (1974); *Copeland v. State,* 58 Fla. 26, 50 So. 621, 624 (1909); *Carbone v. Warburton,* 11 N. J. 418, 94 A. 2d 680, 683-84 (1953); *Benzmiller v. Swanson,* 117 N.W.2d 281, 288 (N.D. 1962). *But cf. Ragan v. Steen,* 229 Pa. Super. Ct. 515, 331 A. 2d 724, 728 (1974) (surgeon

profession to testify when they were insufficiently familiar with the subject about which they were expressing an opinion. *See* United Rys. Co. v. Corbin, 109 Md. 442, 450, 72 A. 606, 608 (1909); Dashiell v. Griffith, 84 Md. 363, 377-78, 35 A. 1094, 1095 (1896).

qualified to testify as expert despite fact that he was unfamiliar with radiological procedures at issue). *See generally* 2 *Jones on Evidence, supra*, § 14:13; 2 J. Wigmore, *Evidence* § 569 (3d ed. 1940); 31 Am.Jur.2d *Expert and Opinion Evidence* § 106 (1967); 61 Am.Jur.2d *Physicians, Surgeons, and Other Healers* § 206 (1972); Annot., 46 A.L.R.3d 275 (1972); Annot., 31 A.L.R.3d 1163 (1970).

We turn now to the present case wherein the trial court ruled that the plaintiffs' witness, Dr. Hirsh, was not qualified to give an opinion on the surgical procedures employed by the defendant, Dr. Radman. Initially, we again recognize that the admissibility of expert testimony is a matter largely within the discretion of the trial court and its action will seldom constitute a ground for reversal. *Produce Exchange v. Express Co.*, 147 Md. 424, 444, 128 A. 403, 411 (1925); *see, e.g., I. W. Berman Prop. v. Porter Bros.*, 276 Md. 1, 12-13, 344 A. 2d 65, 73 (1975); *Franceschina v. Hope*, 267 Md. 632, 636, 298 A. 2d 400, 403 (1973); *Air Lift, Ltd. v. Bd. of Co. Comm'rs, supra*, 262 Md. at 401, 278 A. 2d at 261. It is well settled in this State, however, that the trial court's determination is reviewable on appeal, *Refrigerating Co. v. Kreiner*, 109 Md. 361, 370, 71 A. 1066, 1070 (1909), and may be reversed if it is founded on an error of law or some serious mistake, or if the trial court clearly abused its discretion. *Balt., Ches. & Atl. Ry. Co. v. Moon*, 118 Md. 380, 392, 84 A. 536, 540 (1912); *see, e.g., Telak v. Maszczenski*, 248 Md. 476, 496-97, 237 A. 2d 434, 445 (1968); *Automobile Owners' Assn. v. State*, 154 Md. 204, 212, 140 A. 48, 51-52 (1928). The petitioner, Dr. Radman, naturally argues that there was no abuse of discretion and that the trial court's determination was not founded on any error of law or serious mistake, whereas the respondent, Mrs. Harold, contends precisely the opposite. Based on our reading of the record, we conclude that the ruling prohibiting Dr. Hirsh's testimony was premised on an error of law, and, therefore, the trial court's judgment was properly reversed by the Court of Special Appeals.

The qualifications of Dr. Hirsh, as shown by the record in this case, need not be expounded upon in detail here since

they are set out at some length in the opinion of the Court of Special Appeals. 31 Md. App. at 185-89, 355 A. 2d at 478-80. However, we point out the fact that although Dr. Hirsh is a certified specialist of internal medicine with many years of experience in his field, he is neither a gynecologist nor a surgeon. Following an extensive voir dire examination of the proposed witness, Judge Sodaro made the following ruling:

It is my conclusion in this case that Dr. Harold Hirsh is not qualified to give an opinion as to pass judgment upon a gynecologist and surgeon, who has to face [a claim] for malpractice and for the following reasons: Dr. Hirsh has testified that while he teaches in Georgetown Medical Center and Howard University and is a clinical professor, that he is a board certified internist, his testimony is very clear that he is not a gynecologist, nor a urologist, and indeed he has never performed any type of surgery at all during his entire medical career. The only times that he has been in the operating room were as an observer together with his students, and as an internist, either in the course of surgery or after surgery, to take care of a patient medically, but not surgically.

He has said that he has never performed any surgery. He has never had a knife in his hand, and that he is familiar with the infections of urinary tract and the bladder, but at no time has ever performed any surgery of any kind, let alone in the specialty of gynecology and urology.

So, that for me to permit Dr. Hirsh to give an opinion as an expert in the field in which he is indeed not an expert, would simply permit this jury to conjecture and to speculate as to the issue of negligence, or not on the testimony of Dr. Hirsh. I don't know what Dr. Hirsh's opinion would be, but it does seem to me that I cannot permit him, because, in my opinion, he is not qualified as an expert in this particular specialty, and for that

reason, or these reasons, I will grant the motion to exclude his testimony and any opinion which may be forthcoming. I will say, too, that I am making this decision not lightly, but after a great deal of soul-searching and full consideration of it.

The respondents, having no other expert witnesses available, proceeded to call the defendant, Dr. Radman, as an adverse witness. After this testimony (which as might be expected was not helpful to the respondents), the Harolds concluded their case. Counsel for the defendant then advised Judge Sodaro that he had no testimony to offer, and made a motion for a directed verdict which the court granted. In denying the respondents' motion for a new trial, Judge Sodaro further explained his reasons for not permitting the testimony of the expert witness to be received:

> I have reconsidered all of the testimony in this case as well as my ruling excluding the testimony of Dr. Harold L. Hirsh, and have concluded that my ruling was correct. The Court has considered the recent opinion of the Court of Special Appeals of Maryland in the case of *Dobson v. Mulcare* [26 Md. App. 699, 338 A. 2d 898 (1975)] and finds that this case is clearly distinguishable from the instant case. I have no quarrel with the opinion in the *Dobson* case. There, the trial court excluded the testimony of Dr. Hirsh on the ground that the doctor, a qualified internal medicine specialist, was not a general practitioner and thus could not give an opinion with regard to the standard of care to be exercised in administering a tetanus toxoid injection; and that as a general practitioner in the community of Brandywine he could not express an opinion in Prince George's County for an office practice. *In the instant case, Dr. Hirsh's testimony was excluded because in my judgment an internal medicine specialist could not pass judgment on the standard of care in the performance of a specialized abdominal surgical procedure — Dr. Hirsh not*

*being a surgeon and not at any time having performed this surgical procedure.*

(Emphasis supplied.)

From our reading of Judge Sodaro's reasons for excluding the testimony of Dr. Hirsh, we conclude that the ruling was improper inasmuch as it was not based on the exercise of the discretion he possessed, but rather on the premise that *as a matter of law* Dr. Hirsh could not express an expert opinion solely because he was an internal medicine specialist and not a surgeon or gynecologist. If we had any doubt that this was the basis for his ruling, it was removed by the reasons Judge Sodaro gave in his denial of the new trial motion, particularly that portion italicized above.

With this ruling, we do not reach the question whether there was an abuse of discretion, as did the Court of Special Appeals in its opinion. 31 Md. App. at 204, 355 A. 2d at 488. Therefore, on retrial, if the issue arises, there should be a new preliminary determination by the court of Dr. Hirsh's qualifications as an expert (free of any indication by this Court or the Court of Special Appeals as to how the discretion should be exercised), based on his overall familiarity with the procedures in dispute, and the trial court should exercise its discretion in a manner consistent with the legal principles set out in this opinion.

*Judgment of the Court of Special Appeals affirmed.*

*Costs to be paid by the petitioner.*